# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**NEKAISIA ROBINSON,**

      **Plaintiff,**

**v.**                           **Case No.  8:25-cv-360-AAS**

**FRANK BISIGNANO,**
**Commissioner of the Social**
**Security Administration,**[1]

      **Defendant.**
_____/

## ORDER

Nekaisia Robinson requests judicial review of a decision by the Commissioner of Social Security (Commissioner) denying her claim for disability insurance benefits (DIB) and supplemental security income (SSI) under the Social Security Act, 42 U.S.C. Section 405(g). After reviewing the record, including the transcript of the proceedings before the Administrative Law Judge (ALJ), the administrative record, the pleadings, and the parties' memoranda, the Commissioner's decision is **AFFIRMED**.

---

[1] Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Under Rule 25(d) of the Federal Rules of Civil Procedure, Mr. Bisignano should be substituted as the defendant in this suit. No further action needs to be taken to continue this suit through the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I.    PROCEDURAL HISTORY

Ms. Robinson applied for Supplemental Security Income on October 27, 2021, alleging disability commencing on that date. (Tr. 236–42). The Social Security Administration denied Ms. Robinson's claim initially and on reconsideration. (Tr. 116–25, 131–38). Ms. Robinson timely requested a hearing before an ALJ. (Tr. 139) Ms. Robinson filed an application for a period of disability and Disability Insurance Benefits (DIB), as well as an application for Child's Insurance Benefits (CIS) on June 20, 2024, alleging disability beginning March 1, 2019. (Tr. 277–92)

A hearing was held before an ALJ and, on August 22, 2024, the ALJ issued a decision finding Ms. Robinson was not entitled to SSI, DIB, and CIS. (Tr. 7–39). Ms. Robinson filed a timely request for review to the Appeals Council. (Tr. 228–33). On January 3, 2025, the Appeals Council affirmed the ALJ's decision, making it the final decision of the Commissioner. (Tr. 1–6). Ms. Robinson now requests review of the Commissioner's final decision. (Doc. 1).

## II.    NATURE OF DISABILITY CLAIM

### A. Background

Ms. Robinson alleged disability beginning on October 27, 2021, due to Crohn's disease. (Tr. 296, 297). Ms. Robinson was 20 years old on August 22, 2024, the date of the ALJ's decision. (Tr. 38, 278). Ms. Robinson has a high school education and no prior relevant work experience. (Tr. 36, 299–300).

## B. Summary of the ALJ's Decision

The ALJ must follow five steps when evaluating a disability claim.[2] 20 C.F.R. §§ 404.1520(a), 416.920(a). First, if a claimant is engaged in substantial gainful activity,[3] she is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b). Second, if a claimant has no impairment or combination of impairments that significantly limit her physical or mental ability to perform basic work activities, she has no severe impairment and is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c); *see McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986) (stating that step two acts as a filter and "allows only claims based on the most trivial impairments to be rejected"). Third, if a claimant's impairments fail to meet or equal an impairment in the Listings, she is not disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d). Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled. 20 C.F.R. §§ 404.1520(e), 416.920(e). At this fourth step, the ALJ determines the claimant's residual functional capacity (RFC). *Id.* Fifth, if a claimant's impairments (considering her RFC, age, education, and past work) do not prevent her from performing work that exists in the national economy,

---

[2] If the ALJ determines the claimant is disabled at any step of the sequential analysis, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

[3] Substantial gainful activity is paid work that requires significant physical or mental activity. 20 C.F.R. §§ 404.1572, 416.972.

she is not disabled. 20 C.F.R. §§ 404.1520(g), 416.920(g).

The ALJ found Ms. Robinson had not engaged in substantial gainful activity during the relevant period. Since attaining the age of 18, Ms. Robinson has had the severe impairment of Crohn's disease. (Tr. 28). Since attaining the age of 18, Ms. Robinson has not had an impairment or combination of impairments that meets or medically equals the severity of an impairment in the Listings. (Tr. 29).

Since attaining the age of 18, the ALJ determined Ms. Robinson had the RFC to perform light work,[4] except:

> postural activity would be limited to occasional but she can never climb ladders, ropes, and scaffolds; and not more than occasional exposure to extreme temperatures, vibration, and workplace hazards, such as unprotected heights and moving machinery. Due to symptoms of Crohn's disease, the work must be unskilled. [Ms. Robinson] can understand, remember, and complete simple instructions.

(Tr. 30). As the ALJ found Ms. Robinson had no past relevant work, she relied on the testimony of the vocational expert to find that, since attaining the age

---

[4] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. §§ 404.1567(b), 416.967(b).

of 18, Ms. Robinson could perform other work that exists in significant numbers in the national economy. (Tr. 36). Specifically, Ms. Robinson could perform the occupations of a retail marker, router, and mail clerk, non-postal. (*Id*.). Thus, regarding Ms. Robinson's application for SSI, the ALJ concluded Ms. Robinson was not disabled, as defined in the Social Security Act, since October 27, 2021, the date the application was filed, through the date of the ALJ's August 22, 2024 decision. (Tr. 38). Regarding Ms. Robinson's applications for DIB and CIB, the ALJ concluded Ms. Robinson has not been under a disability, as defined in the Social Security Act, from January 1, 2022, the date she attained the age of 18, through the date of the ALJ's August 22, 2024 decision. (*Id*.).

## III.  ANALYSIS

### A.  Standard of Review

Review of the ALJ's decision is limited to reviewing whether the ALJ applied correct legal standards and whether substantial evidence supports his findings. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988); *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a mere scintilla but less than a preponderance. *Dale v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (citation omitted). In other words, there must be sufficient evidence for a reasonable person to accept as enough to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citations

omitted). The Supreme Court explained, "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

A reviewing court must affirm a decision supported by substantial evidence "even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (citations omitted). The court must not make new factual determinations, reweigh evidence, or substitute its judgment for the Commissioner's decision. *Id.* at 1240 (citation omitted). Instead, the court must view the whole record, considering evidence favorable and unfavorable to the Commissioner's decision. *Foote*, 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (citation omitted) (stating that the reviewing court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual determinations).

## B.    Issues on Appeal

Ms. Robinson argues the ALJ erred in failing to comply with Social Security Ruling (SSR) 16-3p in evaluating Ms. Robinson's symptoms from Crohn's disease and that the decision is not supported by substantial evidence. (Doc. 21, pp. 3–11). In response, the Commissioner contends that the ALJ properly considered Ms. Robinson's subjective complaints regarding her pain and limitations related to Crohn's disease, and substantial evidence supports the ALJ's disability determination. (Doc. 29, pp. 5–15).

6

SSR 16-3p[5] and 20 C.F.R. §§ 404.1529(c), 416.929(c) provide guidance on how an ALJ is to evaluate a claimant's subjective complaints. SSR 16-3p provides that the "subjective symptom evaluation is not an examination of an individual's character," but a two-step evaluation of the evidence. SSR 16-3p, 2017 WL 5180304, at *2–3 (Oct. 25, 2017). First, the ALJ "determine[s] whether the individual has a medically determinable impairment . . . that could reasonably be expected to produce the individual's alleged symptoms." *Id.* at *3. Then, the ALJ "evaluate[s] the intensity and persistence of an individual's symptoms . . . and determine[s] the extent to which an individual's symptoms limit his or her ability to perform work-related activities." *Id.* at *4.

Sections 404.1529(c), 416.929(c) provide that an ALJ is required to "consider all of the available evidence from [the claimant's] medical sources and nonmedical sources about how [the] symptoms affect [the claimant]." 20 C.F.R. §§ 404.1529(c)(1), 416.929(c)(1). It also provides that medical opinions can be relied on when evaluating a claimant's subjective complaints. *Id.* The ALJ may not reject a claimant's subjective complaints only because the objective medical evidence does not substantiate the complaints. 20 C.F.R. §§

---

[5] SSRs are agency rulings "published under the authority of the Commissioner of Social Security and are binding on all components of the Administration." *Sullivan v. Zebley*, 493 U.S. 521, 531 n.9 (1990). Federal courts hearing appeals of the Commissioner's final decisions are not bound by SSRs, but they are given "great respect and deference where the statute is not clear and the legislative history offers no guidance." *B. B. v. Schweiker*, 643 F.2d 1069, 1071 (5th Cir. 1981).

404.1529(c)(2), 416.929(c)(2). This regulation instructs that the ALJ must "carefully consider any other information [a claimant] may submit about [her] symptoms." 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3). The ALJ may reject testimony about subjective complaints, but such rejection must be supported by substantial evidence. *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992); *see also Miraco B. v. Comm'r, Soc. Sec. Admin.*, No. 19-CV-05777, 2021 WL 9667338, at *12 (N.D. Ga. July 8, 2021) (citing SSR 16-3p at *7–8) ("The regulations do not require ALJs to explicitly identify and address each of the factors outlined in 20 C.F.R. §§ [404.]1529(c)(3) and 416.929(c)(3) in evaluating the intensity, persistence, and limiting effects of an individual's symptoms.").

Ms. Robinson argues she cannot work when she has pain because it is so severe that she must go to the emergency department. (Doc. 21, pp. 10–11). The ALJ found that while Ms. Robinson's conditions could reasonably be expected to produce the alleged symptoms, Ms. Robinson's subjective allegations were not entirely consistent with her objective medical evidence and other evidence in the record. (Doc. 31). Specifically, the ALJ found that, while the medical evidence of record indicated Ms. Robinson's Crohn's disease was occasionally symptomatic, it did not support the degree of constant, severe symptoms, or bathroom needs alleged by Ms. Robinson and her mother. (Tr. 34). Since attaining the age of 18, Ms. Robinson had only five emergency department visits for complaints of epigastric or abdominal discomfort,

8

nausea, or vomiting, which could reasonably be associated with her Crohn's disease.[6] (Tr. 34, 459–83, 626–63, 900–1031). Ms. Robinson's minimal treatment related to her Crohn's disease undermined her allegations of disabling limitations. *See* 20 C.F.R. §§ 404.1529(c)(3)(v), 416.929(c)(3)(v); *Wolfe v. Chater*, 86 F.3d 1072, 1078 (11th Cir. 1991).

The ALJ noted that Ms. Robinson reported minimal complaints to the gastroenterologist. (Tr. 34). While the gastroenterologist noted some reports of epigastric abdominal pain, Ms. Robinson associated it with wearing high-waisted pants, and it improved with proton pump inhibitors. (Tr. 34). Ms. Robinson also reported a few short-term periods of increased diarrhea, which she related to drinking apple juice or consuming dairy products. (*Id.*). Ms. Robinson generally reported she was doing well, often reporting only rare abdominal pain, and sometimes reporting no pain at all. (Tr. 34, 487–610, 704–97, 858–99, 1035–1049). At most, Ms. Robinson reported two to three bowel movements daily, with only occasional reports of diarrhea or constipation. (Tr. 34, 858–1031). The gastroenterologist's physical examination revealed epigastric tenderness but was otherwise unremarkable. (Tr. 34–35, 487–610, 634–63, 858–1031, 1035–48). Endoscopies, colonoscopies, stool testing, and

---

[6] The ALJ noted Ms. Robinson's mother's statement that Ms. Robinson typically did not go to the emergency department unless her symptoms were extremely severe, since nothing could be done in the emergency department. (Tr. 34, 333).

ultrasounds/sonograms during the relevant period were generally normal. (*Id.*).

Ms. Robinson also alleges difficulty walking, significant leg pain, lower extremity swelling, or her legs "going out on her." (Tr. 35, 411). These alleged limitations are not listed as a complaint and are not supported by any medical findings. (Tr. 35). *See* 42 U.S.C. §§ 423(d)(5)(A), 1382c(a)(3)(H)(i); 20 C.F.R. §§ 404.1529(a), 416.929(a); *Edwards v. Sullivan*, 937 F.2d 580, 584 (11th Cir. 1991). While these types of symptoms could feasibly be manifestations of Crohn's disease, there is no objective medical evidence to support that Ms. Robinson was experiencing these symptoms to a functionally limiting degree. (Tr. 35).

The ALJ properly discussed the December 2022 and February 2024 administrative medical findings of the State agency medical consultants, Frank Walker, M.D., and Kerri Aaron, M.D. (Tr. 35–36, 90–97, 99–107). *See* 20 C.F.R. §§ 404.1513(a)(5), 416.913(a)(5). The ALJ's discussion of these prior administrative medical findings provides further support for her assessment of Ms. Robinson's subjective allegations. See 20 C.F.R. §§ 404.1520c, 416.920c; *see also* SSR 17-2p, 2017 WL 3928306 (State agency medical consultants "are highly qualified medical sources who are also experts in the evaluation of medical issues in disability claims under the Act."). Since attaining the age of 18, Drs. Walker and Aaron determined Ms. Robinson was able to perform the

full range of light exertional work, including lifting and/or 20 pounds occasionally and 10 pounds frequently, standing and/or walking about six hours in an eight-hour workday, sitting about six hours in eight-hour workday, and no additional limitations in pushing and/or pulling with the bilateral upper and lower extremities other than the limitations in lifting and/or carrying. (Tr. 36, 94, 104). In determining these State agency findings were partially persuasive, the ALJ noted they reviewed the available medical evidence and considered Ms. Robinson's abdominal pain in limiting her capacity for exertional work. (Tr. 36). However, the ALJ found that the fully developed record supported further postural and environmental limitations, as well as limiting Ms. Robinson to unskilled work, to avoid exacerbation of her symptoms. (*Id.*).

Considering the foregoing, the ALJ found the record did not support that Ms. Robinson's Crohn's disease symptoms limited her to less than a modified range of light exertional work. The ALJ limited the exertional requirements of light work to address Ms. Robinson's abdominal discomfort related to Crohn's disease and to avoid exacerbating any bathroom urgency. (Tr. 35). The ALJ also limited Ms. Robinson to occasional postural activity; that is, climbing ramps and stairs, balancing, stooping, kneeling, crouching, and crawling, but she can never climb ladders, ropes, or scaffolds due to her pain and discomfort. (*Id.*). To avoid exacerbation of Ms. Robinson's Crohn's disease-related

11

symptoms and in consideration of her safety, the ALJ limited Ms. Robinson to no more than occasional exposure to extreme temperatures, vibration, and workplace hazards, such as unprotected heights and moving machinery. (*Id.*). Finally, due to symptoms of Crohn's disease, particularly her pain and discomfort, which may affect her abilities to understand, remember, or apply information or to concentrate or focus, the ALJ found Ms. Robinson's work must be unskilled. (*Id.*). The evidence supports that Ms. Robinson has adequate mental functioning to understand, remember, and complete simple instructions, even when experiencing a flare of her Crohn's disease symptoms.

The ALJ considered the entire record and provided substantial evidence supporting her assessment of Ms. Robinson's subjective allegations and her RFC. *See Hunter v. Comm'r of Soc. Sec.*, 808 F.3d 818, 822 (11th Cir. 2015) ("In determining whether substantial evidence supports a decision, we give great deference to the ALJ's fact findings."). The court may not "decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner]." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). Even when the court finds the evidence could support a different conclusion, the ALJ's decision must be affirmed if it is supported by substantial evidence and based on proper legal standards. *See Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The ALJ applied the proper legal standards, analyzed the evidence, and articulated why she did not find Ms. Robinson's

subjective complaints completely consistent with the evidence. The ALJ properly evaluated Ms. Robinson's subjective complaints regarding Crohn's disease, and substantial evidence supports the ALJ's decision. Thus, remand is not required.

## IV.   CONCLUSION

For the reasons stated, the Commissioner's decision is **AFFIRMED,** and the Clerk is directed to enter judgment for the Commissioner and close the file.

**ORDERED** in Tampa, Florida, on January 21, 2026.

AMANDA ARNOLD SANSONE
United States Magistrate Judge

13